IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JADA McCANTS WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 09-0411-WS-M |
| | ) | |
| AIRCRAFT WORKERS | ) | |
| WORLDWIDE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter comes before the Court on defendant's Motion to Dismiss (doc. 11) and Renewed Motion to Dismiss (doc. 16).

**I.   Relevant Background.**

Plaintiff, Jada McCants Williams, brought this employment discrimination action against defendant, Aircraft Workers Worldwide, Inc. ("Aircraft Workers"), by filing a *pro se* Complaint (doc. 1) on July 8, 2009.  The Complaint included allegations that Williams "was subjected to racially derogatory slurs" and that her "employment [was] terminated because of [her] race, black, and sex."  (*Id.*, ¶ 4.)  According to the Complaint, Aircraft Workers, by and through its Chief Executive Officer, Daniel Hardin, referred to Williams "in a racially derogatory manner" by calling her a "dumb ignorant black person," an "ignorant black woman," and a "bitch."  (*Id.*, ¶¶ 4-5.)  Plaintiff alleges that Harden then terminated her employment and sent e-mail messages to her containing threats of violence.  (*Id.*, ¶¶ 5-6.)

Exhibits appended to the Complaint reflect the following pertinent facts and circumstances: (a) Williams brought an EEOC Charge against Aircraft Workers on November 25, 2008, setting forth the above factual allegations, and asserting theories of race and sex discrimination; (b) an EEOC Letter of Determination dated January 30, 2009 states that the EEOC found reasonable cause to believe that defendant had subjected Williams to unlawful discrimination, based in part on Aircraft Workers' refusal to cooperate with the EEOC investigation; and (c) the EEOC issued a Notice of Right to Sue to Williams on April 8, 2009.

On March 3, 2010, Defendant filed a Motion to Dismiss (doc. 11), asserting that dismissal was appropriate because Williams had admitted that Aircraft Workers employed fewer than 15 people, had failed to file her Complaint within the 90-day period prescribed by Title VII, and had failed to sign her Complaint. On March 4, 2010, the Court entered an Order (doc. 12) holding the Motion to Dismiss in abeyance pending plaintiff's filing of an amended complaint that corrected her original Complaint by identifying the statute(s) she contended that Aircraft Workers had violated, clarifying whether she was bringing common-law claims, including her signature and contact information, providing a certificate of service, and so on. In deference to her *pro se* status, the March 4 Order spelled out these fundamental requirements in some detail, and indicated in bold type, "Plaintiff is cautioned that future filings that do not satisfy these requirements may be stricken." (Doc. 12, at 3.)

On March 17, 2010, Williams filed an Amended Complaint (doc. 13) that corrected most of the defects identified in the March 4 Order (*i.e.*, failure to identify statutory basis of claim, lack of signature, lack of contact information, etc.), even as it created others. The Amended Complaint specifies that Williams is predicating her claims against Aircraft Workers on Title VII of the Civil Rights Act of 1964. Unfortunately, the Amended Complaint provides less factual detail than its predecessor, and the factual allegations that it does include are vague and difficult to follow. In particular, plaintiff alleges that an unidentified person "used the word 'reggin' ... in Spanish with other harsh words," that she "reported to head office about the claim ... but never heard nothing back," that she "was tormented" by an unidentified person "because [she] reported what was going on" (whatever that may have been), that she was fired, and that she "was told" by an unidentified person (apparently after termination of her employment) "that who believe [her] because [she] was an uneducated black woman." (Doc. 13, at 2.) From these cryptic allegations, it is extraordinarily difficult to discern from the Amended Complaint what Williams contends happened, who she contends discriminated against her, what form that discrimination took, and what those allegations have to do with Aircraft Workers.[1]

---

[1] Her original Complaint was clearer and easier to read in this respect. However, the original Complaint is no longer in effect. It is well settled that the Amended Complaint supersedes the original Complaint in its entirety, such that the Amended Complaint is plaintiff's sole operative pleading in this case. Williams' claims must be alleged properly in the Amended

Now, Aircraft Workers has filed a Renewed Motion to Dismiss (doc. 16), reasserting its previous objections based on number of employees and timeliness, and adding as a new ground for relief that the Amended Complaint fails to comport with minimum pleading standards specified in *Twombly* and Rule 8(a)(2), Fed.R.Civ.P. That Renewed Motion is now ripe for disposition.[2]

## II. Legal Standard for Rule 12(b)(6) Motions.

On a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must view the complaint in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). Thus, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).[3] The law is clear that, on a Rule 12(b)(6) motion, "[w]hen there are well-pleaded factual allegations, a court should assume

---

Complaint for this action to be allowed to proceed further, regardless of what she may have stated in her original (and now superseded) Complaint. *See, e.g., Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.") (citations and internal quotation marks omitted).

[2] Plaintiff filed a document (doc. 18) in response to the Renewed Motion to Dismiss; however, her filing is not in compliance with the instructions on page 2 of this Court's Order dated March 4, 2010. That Order notified Williams that "[a]ny document that she submits for filing" in this case "must include," among other things: (i) "a designation of the type of filing (complaint, notice, motion, response, etc.)"; (ii) "must be signed by plaintiff"; and (iii) "must include a certificate of service." (Doc. 12, at 2.) Plaintiff's response does not satisfy any of these requirements. The March 4 Order cautioned her that "future filings that do not satisfy these requirements may be stricken." (*Id.* at 3.) The Court meant what it said. If Williams wants to file anything in this District Court, she must follow the basic rules identified in the March 4 Order. If she does not, then her filings may not be considered. She has previously been warned about this very point. Accordingly, the Court **strikes** plaintiff's filing dated April 30, 2010 (doc. 18) for noncompliance with court orders and the Federal Rules of Civil Procedure.

[3] *See also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (on Rule 12(b)(6) motion, "the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged ... in the complaint as true"); *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003) ("In reviewing a complaint, we accept all well-pleaded factual allegations as true and construe the facts in the light most favorable to the plaintiff.").

their veracity." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). The rules of pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.R.Civ.P.

**III. Analysis.**

As mentioned, Aircraft Workers has articulated three grounds for seeking dismissal of the Complaint. Each will be addressed in turn.

*A. Number of Employees.*

First, defendant renews its objection that it "has less than 15 employees and is therefore exempt from suit under Title VII." (Doc. 16, at 1.) Defendant is correct that only employers with 15 or more employees are covered by Title VII. Indeed, the statute defines the term "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b); *see also McGinnis v. Ingram Equipment Co.*, 918 F.2d 1491, 1493 (11th Cir. 1990) ("Employers with less than fifteen employees on each working day during a relevant twenty-week period are not subject to Title VII.").

The problem is that there is no unrebutted record evidence from which the Court could conclusively find that Aircraft Workers employed fewer than 15 people during the relevant time frame. At best, defendant points to a virtually illegible photocopy of Williams' EEOC Intake Questionnaire, where she apparently checked a box stating that defendant had "less than 15" employees. (Doc. 16, Exh. A.) But other documents in the court file suggest otherwise. Williams' actual EEOC Charge delineates the number of defendant's employees as "15-100." (Doc. 1, Exh. 3.) And the EEOC's Letter of Determination includes a specific finding that Aircraft Workers "is an employer within the meaning of Title VII." (Doc. 1, Exh. 2.) Given these conflicting documents, and defendant's failure to come forward with affirmative evidence of its own as to the number of employees it has (rather than the number of employees Williams may at one time have thought or guessed it had), the Court cannot credit this argument at the Rule 12(b)(6) stage and will not construe the evidence in the light most favorable to defendant. *See generally American Dental Ass'n v. Cigna Corp.*, --- F.3d ----, 2010 WL 1930128, *3 (11th Cir. May 14, 2010) (on Rule 12(b)(6) motion, facts are viewed "in the light most favorable to the plaintiff") (citations omitted).

### B. Timeliness.

Next, Aircraft Workers contends that this action should be dismissed as untimely. In particular, defendant relies on the statutory provision mandating that an aggrieved person must commence any civil action under Title VII within 90 days after receiving notice of his right to sue by the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1); *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002) (Title VII plaintiff "has the initial burden of establishing that he filed his Complaint within ninety days of his receipt of the EEOC's right-to-sue letter"); *Stallworth v. Wells Fargo Armored Services Corp.*, 936 F.2d 522, 524 (11th Cir. 1991) (Title VII "requires that suit be brought within 90 days after receipt of notice of right to sue").

Aircraft Workers argues that Williams missed her filing deadline by a single day because the EEOC's Right to Sue Notice is dated April 8, 2009, but she did not file her Complaint until 91 days later, on July 8, 2009. This contention overlooks the fact that the 90-day limitations period runs from the date of <u>receipt</u> of the right-to-sue notice, not from the date on which the EEOC prepared and mailed that notice. *See, e.g., Bost v. Federal Express Corp.*, 372 F.3d 1233, 1238 (11th Cir. 2004) ("If the EEOC issues the employee a right-to-sue letter, the employee must file a complaint ***within 90 days of the receipt of the right-to-sue letter***.") (emphasis added); *Gant v. Jefferson Energy Co-op.*, 348 Fed.Appx. 433, 434 (11th Cir. Sept. 21, 2009) ("***upon receiving a right-to-sue letter*** from the EEOC ..., the plaintiff may bring a civil action against the named respondent within 90 days") (emphasis added). In this case, the EEOC's Notice of Right to Sue states on its face that April 8, 2009 was the date on which it was mailed to Williams. (Doc. 16, Exh. B.) Notwithstanding the efficiency of the U.S. Postal Service, it is inconceivable that Williams could have received her right-to-sue notice on the very day that the EEOC placed it in the mail. In other words, the earliest Williams could have received that notice was on April 9, 2009, which was one day after the EEOC mailed it and 90 days before she filed her Complaint in this case. As such, defendant's own exhibits establish that Williams commenced this action prior to expiration of the 90-day limitations period, such that Aircraft Workers' timeliness defense does not provide a viable basis for relief pursuant to Rule 12(b)(6).

### C. Sufficiency of Pleading.

Defendant's third ground for seeking dismissal is a sufficiency-of-pleading argument. While a complaint attacked by a Rule 12(b)(6) motion need not be buttressed by detailed factual

allegations, the plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Eleventh Circuit has summarized the current state of the law by explaining that, to survive a motion to dismiss, "[a] complaint must state a plausible claim for relief," meaning that the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citations omitted). Simply put, "[t]he well-pled allegations must nudge the claim across the line from conceivable to plausible." *Id.* (citation and internal quotation marks omitted). To satisfy the minimum pleading threshold, then, a complaint must state "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. Legal conclusions must be supported by factual allegations set forth in the complaint.

Williams' Amended Complaint filed on March 17, 2010 does not satisfy the *Twombly* pleading requirement. This pleading does not even state what kind of Title VII violation plaintiff is alleging (*i.e.*, race discrimination, sex discrimination, religious discrimination, etc.). More importantly, the factual allegations are so minimal and so confusingly stated that they cannot be said to state a claim for relief that is plausible on its face. The only factual allegations in the Amended Complaint are that someone (we do not know who) "used the word reggin" and spoke it "in Spanish with other harsh words," that Williams complained, that "the head office" (whoever that is) did not do anything, and that someone (again, the pleading does not identify who) tormented, threatened and fired Williams "because [she] reported what was going on," then told her that no one would believe her because she is "an uneducated black woman." (Doc. 13.) These factual allegations, in their present form, simply do not show a facially plausible Title VII claim. What, specifically, does Williams contend was done to her that she believes violates Title VII? Who did it? How and why does she contend such conduct violates Title VII? And how do any of these alleged violations relate to this defendant, Aircraft Workers Worldwide? The Amended Complaint leaves all of these questions unanswered, forcing the reader (and the defendant) to guess as to the nature and factual underpinnings of Williams' claims.

In light of these concerns, the Amended Complaint does not state a claim for relief because it does not contain sufficient factual content to support a reasonable inference that

Aircraft Workers violated Title VII in some way.  Nonetheless, and particularly given Williams' *pro se* status, the Court will not dismiss this action outright at this time, but will allow plaintiff one more opportunity to amend her complaint to correct the deficiencies described above.  *See, e.g., Duff v. Steub*, 2010 WL 1718704, *4 (11th Cir. Apr. 29, 2010) ("When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it."); *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985) ("a district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted").[4]

### IV. Conclusion.

For all of the foregoing reasons, it is hereby **ordered** as follows:

1. Defendant's Motion to Dismiss (doc. 11) and Renewed Motion to Dismiss (doc. 16) are **denied**, without prejudice to defendant's ability to renew any Rule 12(b) objections following the filing of plaintiff's second amended complaint.

2. Plaintiff's filing dated April 30, 2010 (doc. 18) is **stricken** for noncompliance with court orders and the Federal Rules of Civil Procedure.

3. Plaintiff is **ordered** to file her second amended complaint, correcting the deficiencies identified in § III.C. of this Order, on or before **June 7, 2010**.  In particular, the second amended complaint must contain sufficiently detailed factual allegations to support a reasonable inference that defendant violated Title VII, and must also identify what aspect of Title VII plaintiff claims was violated by defendant.  Plaintiff is cautioned that conclusory labels and formulaic recitation of elements will not be sufficient.  If her second amended complaint does not remedy the defects identified above by setting forth enough factual content to state a plausible claim for relief under Title VII, then this action may be dismissed for failure to meet minimum threshold standards for pleading claims in

---

[4] This principle is rooted in the notion that "[c]ourts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education."  *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

federal court.

4. Defendant's answer or other responsive pleading to the second amended complaint must be filed on or before **June 17, 2010**.

5. Finally, the Court notes that the Amended Complaint includes a suggestion that defendant's counsel has a conflict of interest in representing Aircraft Workers in this matter based on his previous representation of Williams.[5] This is a serious accusation that the Court cannot ignore. To facilitate evaluation of plaintiff's disqualification request, defendant's counsel is **ordered**, on or before **June 7, 2010**, to submit a memorandum of law reciting the details of any representation of Williams he may have undertaken, and setting forth his position (supported by authorities as appropriate) as to whether those circumstances give rise to a conflict that might warrant or necessitate his disqualification from representing defendant in this matter. Plaintiff may respond to that filing on or before **June 14, 2010**, after which the Court will take the disqualification issue under submission.

DONE and ORDERED this 24th day of May, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] In particular, plaintiff alleges that "the lawyer representing Aircraft Workers worldwide was my attorney on a case and then he representing against me, that's against the law!" (Doc. 13, at 2.)