IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JADA McCANTS WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 09-0411-WS-M |
| ) | |
| AIRCRAFT WORKERS WORLDWIDE, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

### ORDER

This matter comes before the Court on plaintiff's allegations of unethical conduct by defendant's counsel (docs. 13, 22), and on defendant's Renewed Motion to Dismiss (doc. 23).

**I.   Procedural Posture.**

Remarkably, this Title VII employment discrimination action remains mired at the pleadings stage, despite having been pending in this District Court for an entire year. No discovery has been conducted and no disclosures have been made. Plaintiff, Jada McCants Williams, who is proceeding *pro se*, filed her Second Amended Complaint (doc. 22) on June 7, 2010. Each of its predecessors faced Rule 12(b) challenges from defendant, Aircraft Workers Worldwide, Inc., identifying various purported pleading deficiencies. The pattern has repeated itself once again; indeed, Williams' Second Amended Complaint was likewise met by a Motion to Dismiss in which defendant recited a host of alleged defects. That motion is now ripe. Before considering the Rule 12(b) motion, however, the Court examines Williams' repeated accusations that defendant's attorney has a conflict of interest and should not be allowed to represent Aircraft Workers in these proceedings.

**II.   Disqualification Issue.**

On multiple occasions, including her Second Amended Complaint, Williams has taken exception to attorney Marcus E. McCrory's representation of defendant in this action. According to Williams, she had previously retained McCrory's services in a matter, and that prior attorney/client relationship bars him from representing Aircraft Workers herein. (Doc. 13,

at 2; doc. 22, at 2.) This Court has a duty to investigate these allegations. *See, e.g., In re ProEducation Int'l, Inc.*, 587 F.3d 296, 299-300 (5th Cir. 2009) (explaining that district court is "obliged" to take measures against attorney unethical conduct); *FMC Technologies, Inc. v. Edwards*, 420 F. Supp.2d 1153, 1157 (W.D. Wash. 2006) ("[T]his Court has a duty to examine charges of conflict of interest."). Upon review of the facts, and particularly McCrory's evidentiary submission dated June 7, 2010, the Court finds that disqualification is not warranted at this time because no conflict has been shown to exist.

The law is clear that the party seeking disqualification of counsel bears the burden of establishing that such severe action is warranted. *See Wade v. Nationwide Mut. Fire Ins. Co.*, 225 F. Supp.2d 1323, 1327 (S.D. Ala. 2002). Moreover, it bears emphasis that "disqualification is a drastic measure" that should not be imposed lightly. *FMC Technologies*, 420 F. Supp.2d at 1157; *see also ProEducation*, 587 F.3d at 300 (disqualification of attorney "must not be imposed cavalierly"). Williams' position is apparently that the mere fact that McCrory previously represented her in another matter means that it is "against the law" for him to represent Aircraft Workers in this dispute. (Doc. 13, at 2.) Williams is mistaken.

Under the Alabama Rules of Professional Conduct, an attorney who has formerly represented a client in a proceeding is not *per se* barred from ever accepting an engagement with anyone whose interests are adverse to that former client. Rather, the prohibition extends only to "represent[ing] another person ***in the same or a substantially related matter*** in which that person's interests are materially adverse to the interests of the former client." Rule 1.9(a) (emphasis added). Applicable case law emphasizes the "substantially related" requirement. "In order to prove a conflict of interest under the ethical rules, the party seeking disqualification must prove (1) the existence of an attorney-client relationship and (2) that matters within the pending suit are *substantially related* to the matters within the attorney's previous representation." *In re Employment Discrimination Litigation Against Alabama*, 453 F. Supp.2d 1323, 1337 (M.D. Ala. 2001); *see also Cox v. American Cast Iron Pipe Co.*, 847 F.2d 725, 728 (11th Cir. 1988) (similar); *Ex parte Regions Bank*, 914 So.2d 843, 848 (Ala. 2005) (for conflicts of interest involving former clients, Alabama courts examine "the similarity between the factual situations, the legal issues posed, and the nature and extent of the attorney's involvement to see if information from the prior representation is material to the new representation") (citations omitted).

Williams' objection to McCrory's representation of Aircraft Workers in this case is unavailing because she has made no showing, and there is no reason to believe, that matters within this Title VII action are "substantially related" to the matters in which McCrory previously represented her. McCrory's unrebutted evidence is that he represented Williams in 2007 in a misdemeanor criminal case involving a worthless check, and "may have" provided informal assistance to her in connection with a 2008 bond forfeiture and a 2008 small claims action involving a dispute with her cable company. None of these matters appear to have any nexus whatsoever, much less a substantial relationship, to Williams' dispute with Aircraft Workers. In the absence of any indication that information from the prior representation is material to the new representation, Williams has failed to demonstrate the existence of a conflict of interest requiring McCrory's disqualification from these proceedings. To the extent, then, that she seeks defendant's counsel's removal from the case, plaintiff's request is **denied** for lack of evidence of any ethical violation.[1]

## III.     Second Renewed Motion to Dismiss.

In its Second Renewed Motion to Dismiss (doc. 23), Aircraft Workers challenges the adequacy of the Second Amended Complaint on a variety of grounds, including the following: (i) it flunks the *Twombly* test by not pleading facts with enough specificity to state a plausible claim for relief; (ii) it lacks specific allegations concerning similarly situated employees outside Williams' protected class; (iii) it lacks specific allegations that Williams met legitimate job

---

[1] This ruling is accompanied by two caveats. First, Williams has accused McCrory of giving her "personal information to the defendant Hardin," an apparent reference to Aircraft Workers' CEO, Daniel Hardin. (Doc. 22, at 2.) If Williams can show that she revealed confidential information (*i.e.*, not simply "personal information") to McCrory during the course of his former representation of her, and that there is a genuine threat that those confidences may be divulged to Aircraft Workers here, then she may renew her request for disqualification on that basis upon a proper evidentiary showing. *See, e.g., Wade*, 225 F. Supp.2d at 1328 (discussing circumstances in which disqualification may be warranted on basis of risk of disclosure of confidential information). At this juncture, however, Williams' vague accusation does not directly implicate the confidentiality restriction, much less support an inference that there is a genuine threat that information she shared in confidence with her former attorney may be compromised here. Second, as McCrory properly recognizes, he must tread with caution in any questioning of Williams about her criminal record in this case (which would appear to be relevant solely for impeachment purposes), and must not utilize any non-public information against her. *See* Rule 1.9(b), Alabama Rules of Professional Conduct.

expectations or was qualified for her job; (iv) it lacks specific allegations that Williams' job was given to someone outside her protected class; and (v) it lacks specific allegations of a pattern of harassment.

With regard to defendant's *Twombly* objection, it is of course correct that, in order to survive a motion to dismiss, "[a] complaint must state a plausible claim for relief," meaning that the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citations omitted). "The well-pled allegations must nudge the claim across the line from conceivable to plausible." *Id.* (citation and internal quotation marks omitted). Defendant contends that these standards are not satisfied here because the Second Amended Complaint "fails to identify with sufficient specificity what part of Title VII" Williams relies on, "fails to contain a short and plain statement of each claim," and "pleads legal conclusions and fails to explain with sufficient critical facts" the basis of her claims. (Doc. 23-1, at 1.)

The Court does not agree with defendant's characterization of the Second Amended Complaint. For starters, that pleading specifically alleges that defendant's conduct with regard to her discharge "is racial discrimination in violation of TITLE VII" (doc. 22, at 2), so Aircraft Workers' suggestion that Williams did not identify the part of Title VII she is invoking is unfounded. As for defendant's contentions that the Second Amended Complaint is conclusory and lacks adequate facts, review of that pleading shows otherwise. The Second Amended Complaint describes a conversation between Williams and Aircraft Workers CEO Daniel Hardin on October 17, 2008, in which he indicated that it had to be a black employee who had reported the company to the FAA, accused Williams of making that report, called her an "ignorant black woman and a bitch," and fired her on the spot. (*Id.*) The Second Amended Complaint likewise alleges that after her dismissal, Hardin sent her threatening e-mails in which he said that nobody would believe her because she was just a black "reggin" (which Williams perceived as a racial slur, the "n-word" spelled backwards). (*Id.*)

So, considered in the aggregate, the allegations of the Second Amended Complaint are that Aircraft Workers' CEO summarily fired Williams on October 17, 2008 after a conversation in which he repeatedly mentioned her race and denigrated her by calling her an "ignorant black woman," then sent her e-mails in which he used a racial slur towards her. Far from setting forth

-4-

mere "legal conclusions" in lieu of "a short and plain statement" of each claim, the Second Amended Complaint pleads specific facts supporting a plausible claim of race-based disparate treatment under Title VII. The well-pleaded, specific facts in the Second Amended Complaint unquestionably support a reasonable inference that Aircraft Workers fired her because of her race, in violation of Title VII. Nothing further is required of Williams to satisfy the *Twombly* / *Iqbal* pleading requirements.

Defendant's other objections to the Second Amended Complaint may be disposed of quickly. Most of Aircraft Workers' remaining arguments (*i.e.*, that plaintiff failed to show that similarly situated white employees were treated more favorably, that her work met legitimate expectations, or that her position was filled by a white person) appear to proceed under the theory that Williams has not established a *prima facie* case of race discrimination under the *McDonnell Douglas* standard. *See, e.g., Crawford v. Carroll*, 529 F.3d 961, 976 (11th Cir. 2008) (to establish a *prima facie* case of disparate treatment under Title VII, a plaintiff must show that "(1) she belongs to a protected class; (2) she was qualified to do the job; (3) she was subjected to adverse employment action; and (4) her employer treated similarly situated employees outside her class more favorably"). The problem is that a *McDonnell Douglas* analysis is properly performed only at the summary judgment stage, not the Rule 12(b) stage. The Supreme Court and Eleventh Circuit have rejected Aircraft Workers' premise that Williams' failure to plead each element of a *prima facie* case in her Complaint mandates its dismissal. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ("we hold that an employment discrimination plaintiff need not plead a *prima facie* case of discrimination … to survive respondent's motion to dismiss"); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) ("a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas prima facie* case"); *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1270-71 (11th Cir. 2004) (explaining that "*McDonnell Douglas* was an *evidentiary* rather than a *pleading* standard" and that "pleading a *McDonnell Douglas prima facie* case [is] not necessary to survive a motion to dismiss").

Defendant's final argument is that the Second Amended Complaint fails to state a claim because it lacks allegations of "any sort of pattern o[f] harassment," and that "[o]ne or two incidents … do not establish a violation of Title VII." (Doc. 23-1, at 2-3.) But the Second Amended Complaint does not appear to advance a claim for a racially hostile work environment;

rather, the crux of Williams' claim appears to be that defendant violated Title VII by firing her because she is black. As the Court reads it, the Second Amended Complaint references Hardin's comments about Williams' race during and after the conversation in which he discharged her, not to show a racially hostile working environment, but to demonstrate that Hardin's decision to terminate her employment was motivated by racial animus. If, as the Second Amended Complaint adequately alleges, defendant discharged Williams because of her race, then no evidence or allegations of a pattern of harassment are necessary to establish a Title VII violation. Plaintiff's disparate treatment theory is plainly supported by the factual allegations of the Second Amended Complaint.

In short, the Court finds that defendant's Renewed Motion to Dismiss (doc. 23) is without merit, and is due to be denied.[2]

**IV. Conclusion.**

For all of the foregoing reasons, it is **ordered** as follows:

1. Plaintiff's request (docs. 13, 22) for disqualification of defendant's counsel is **denied** for lack of a conflict of interest;
2. Defendant's Renewed Motion to Dismiss (doc. 23) is **denied**; and
3. Defendant is **ordered** to file an answer to the Second Amended Complaint on or before **August 5, 2010**.

DONE and ORDERED this 22nd day of July, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Court notes in passing that plaintiff's Second Amended Complaint is missing the required Certificate of Service. Plaintiff is reminded for the second time that <u>all</u> documents and papers she files in this District Court must be accompanied by a Certificate of Service in order to comport with applicable procedural rules. If plaintiff continues to ignore this requirement by filing documents without the mandatory Certificate of Service, sanctions may be imposed for violation of procedural rules and non-compliance with this Court's orders. Contrary to defendant's argument, however, the undersigned does not view this infraction as sufficiently serious at this time to warrant the extreme sanction of dismissal of Williams' Second Amended Complaint.