# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JADA McCANTS WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 09-0411-WS-M |
| | ) |
| **AIRCRAFT WORKERS WORLDWIDE, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This matter comes before the Court on defendant's Motion for Summary Judgment (doc. 39), with incorporated memorandum of law and accompanying exhibits.[1] An Order (doc. 41) entered on March 2, 2011 directed any party opposing the Motion to file a response on or before March 28, 2011. That deadline having expired nearly two months ago with plaintiff having neither filed an opposition brief nor requested an enlargement of time, the Motion is now ripe.[2]

---

[1] Also pending is defendant's Motion to Supplement Record (doc. 45) to include the proposed order, determinations of undisputed fact and conclusions of law required by Local Rule 7.2(a). This document does not contain any new facts or arguments, but merely complies with the technical requirements of the Local Rule. For cause shown, and in the absence of any possible prejudice to plaintiff, the Motion to Supplement Record is **granted**.

[2] Plaintiff, who is proceeding *pro se*, has routinely responded to court orders and filed documents in this action, has participated in court-ordered conferences, and has otherwise fulfilled her obligations as a litigant. Yet she elected not to respond to the Motion for Summary Judgment, despite a briefing schedule establishing a specific deadline for doing so. At most, plaintiff filed a copy of a letter she sent to defendant's counsel on March 4, 2011; however, that letter does not meaningfully respond to or address the Rule 56 Motion, but instead accuses defendant of falsifying records and lying to counsel, and demands settlement within three days. (*See* doc. 43.) There is no indication that Williams intended this correspondence to be a summary judgment brief. Even if she did, that document is largely unhelpful and unilluminating as to the factual and legal issues presented in defendant's Motion.

**I.   Relevant Background.**[3]

Plaintiff, Jada McCants Williams, brought this action against defendant, Aircraft Workers Worldwide, Inc. ("Aircraft Workers"), alleging race discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* Although it is not a model of clarity, the unverified Second Amended Complaint (doc. 22) alleges that Aircraft Workers terminated Williams' employment in or about October 2008 because she is black. Plaintiff's sole cause of action joined herein is a claim of racially discriminatory discharge, in violation of Title VII.

The record on summary judgment reflects that Aircraft Workers is an employee leasing company that recruits aircraft mechanics and leases them to aircraft maintenance facilities. (Hardin Aff. (doc. 42-1), ¶ 2.) Aircraft Workers hired Williams in October 2007 as a recruiter and drug test coordinator. (*Id.*) In that capacity, her responsibilities included performing background checks on potential hires and coordinating drug tests for current and prospective employees. (*Id.*)

The record reflects that defendant experienced substantial problems with Williams' performance. In particular, the uncontroverted evidence is that in approximately February 2008, Williams hired a third-party vendor to perform background checks for 61 people at $80 apiece, then wrote a company check to the vendor in an amount exceeding $4,000. (Hardin Aff., ¶¶ 3-4; doc. 39, Exhs. 1-2.)[4] This course of conduct was unacceptable to defendant for at least three reasons. First, Williams did not obtain authorization from Aircraft Workers to hire an outside vendor. (Hardin Aff., ¶ 3.) Second, the upshot of her actions was that Williams had essentially hired an outside contractor to perform her own assigned job duties (*i.e.*, performing background

---

[3] The Court is mindful of its obligation under Rule 56 to construe the record, including all evidence and factual inferences, in the light most favorable to the nonmoving party, resolving all reasonable doubts about the facts in favor of the non-movant. *See Skop v. City of Atlanta, GA*, 485 F.3d 1130, 1136 (11th Cir. 2007). Thus, plaintiff's evidence (had she presented any) would be taken as true and all justifiable inferences from the record are drawn in her favor.

[4] There is some confusion as to the payment amount. The vendor's invoice for the background checks was for the sum of $4,880 (or 61 background checks x $80/background check). (Doc. 39, Exh. 1.) Yet the check plaintiff wrote was in the amount of $4,488. (Doc. 39, Exh. 2.) That discrepancy is not explained in the record; however, it is also not material to the issues presented on summary judgment.

checks). (*Id.*) Third, Williams did not obtain authorization from Aircraft Workers to write a check drawn on the company's account to pay the vendor's invoice. (*Id.*, ¶ 4.) This last failing was especially problematic because defendant's account balance was too low to cover that check. As a result, the unauthorized check written by Williams was returned for insufficient funds, sparking considerable acrimony on the vendor's part and tarnishing the image and reputation of Aircraft Workers until alternative payment arrangements could be made. (*Id.*, ¶¶ 5-6.)

Several months later, in May 2008, Aircraft Workers received written notice from the Federal Aviation Administration ("FAA") that the company had not complied with its obligation to submit an annual report summarizing the results of its drug and alcohol testing by no later than March 15, 2008. (Hardin Aff., ¶ 7; doc. 39, Exh. 6.)[5] The notice reflected that the FAA was investigating the matter. (Doc. 39, Exh. 6.) It had been Williams' responsibility to submit the necessary report to the FAA in a timely manner. (Hardin Aff., ¶ 7.) She did not do so. On August 18, 2008, the FAA transmitted follow-up correspondence to Aircraft Workers via facsimile, requesting that defendant submit the report by no later than August 22, 2008. (Doc. 39, Exh. 8; Hardin Aff., ¶ 8.) Williams finally responded on Aircraft Workers' behalf to the FAA inquiries on August 20, 2008, in a letter wherein she apologized for the tardiness of the 2007 report, and promised to submit the next year's report on or before the March 15 deadline. (Doc. 39, Exh. 7; Hardin Aff., ¶ 9.)

On October 21, 2008, Aircraft Workers terminated Williams' employment. (Doc. 39, Exh. 5; Hardin Aff., ¶ 10.) The written notice of termination prepared by defendant stated that the reasons for Williams' discharge were the following: "Lack of Performance," "Violation of Company Policy Regarding Drug and Alcohol Testing," "Poor Attendance," and "Misappropriation of Company Funds." (Doc. 39, Exh. 5; Hardin Aff., ¶ 10.) The decisionmaker, Daniel Hardin (Aircraft Workers' CEO), avers that he terminated Williams' employment because of "her failure to perform the duties of her job." (Hardin Aff., ¶ 12.)

---

[5] Defendant has submitted an affidavit from its custodian of records reflecting that the FAA notice, as well as all other summary judgment exhibits aside from the Hardin Affidavit itself and Exhibits 8 and 9, are true and accurate copies of Aircraft Workers' business records. (Colon Aff. (doc. 42-1), ¶¶ 2-4.) As such, those exhibits are properly considered on summary judgment. *See generally* Rule 56(c)(2), Fed.R.Civ.P. (noting that a party may object to summary judgment exhibits on the ground that they "cannot be presented in a form that would be admissible in evidence" at trial).

**II.     Relevant Summary Judgment Principles.**

   *A.     Legal Standard.*

Summary judgment should be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a), Fed.R.Civ.P. The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). Once the moving party has satisfied its responsibility, the burden shifts to the non-movant to show the existence of a genuine issue of material fact. *Id.* "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted). "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 999 (11th Cir. 1992) (internal citations and quotations omitted). "Summary judgment is justified only for those cases devoid of any need for factual determinations." *Offshore Aviation v. Transcon Lines, Inc.*, 831 F.2d 1013, 1016 (11th Cir. 1987) (citation omitted).

The Eleventh Circuit has expressly rejected the notion that summary judgment should seldom be used in employment discrimination cases because they involve issues of motivation and intent. *See Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079 (11th Cir. 2004). Rather, "the summary judgment rule applies in job discrimination cases just as in other cases. No thumb is to be placed on either side of the scale." *Id.* at 1086 (citation omitted).

Also, plaintiff's *pro se* status does not entitle her to special treatment on summary judgment, nor does it exempt her from compliance with Rule 56 and the orders of this Court. *See, e.g., Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (explaining that "we are to give liberal construction to the pleadings of *pro se* litigants," but that "we nevertheless have required them to conform to procedural rules") (citation omitted); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* party "is subject to the relevant law and rules of court,

including the Federal Rules of Civil Procedure," and may be sanctioned "for failure to comply with court orders"); Local Rule 83.9(b).

### B. Summary Judgment Not Automatic Where Motion is Unopposed.

As noted *supra*, Williams filed no response to the Motion. Summary judgment is not automatically granted by virtue of a non-movant's silence. *See U.S. v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion … [and] ensure that the motion itself is supported by evidentiary materials.").[6]

Nonetheless, a court is not obligated to read minds or to construct arguments or theories that a party has failed to raise. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.").[7] Clearly, "the onus is upon the parties to formulate arguments." *Id.* As such, Williams' decision not to proffer argument, evidence or authority in response to defendant's Motion for Summary Judgment is at her peril. This Court will not commit scarce judicial resources to ferreting out every possible contention plaintiff could have made, but chose not to make, in opposition to the Motion. *See Case v. Eslinger*, 555 F.3d 1317, 1329 (11th Cir. 2009) (noting that a litigant "cannot readily complain about the entry of a summary judgment order that did not consider an argument [she]

---

[6] *See also Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) ("[e]ven in an unopposed motion [for summary judgment], … the movant is not absolve[d] … of the burden of showing that it is entitled to judgment as a matter of law") (citations and internal quotation marks omitted); *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2nd Cir. 2004) ("Although the failure to respond may allow the district court to accept the movant's factual assertions as true ..., the moving party must still establish that the undisputed facts entitle him to a judgment as a matter of law"); Commentary to 2010 Amendments to Fed.R.Civ.P. 56(e) ("summary judgment cannot be granted by default even when there is a complete failure to respond to the motion").

[7] *See also Gleason v. Norwest Mortgage, Inc.*, 243 F.3d 130, 142 (3rd Cir. 2001) ("The ruling on a motion for summary judgment is to be made on the record the parties have actually presented, not on one potentially possible."); *Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 260 (1st Cir. 1999) (declaring that a "party who aspires to oppose a summary judgment motion must spell out his arguments squarely and distinctly, or else forever hold his peace," as district court may ignore arguments not adequately developed by non-movant).

chose not to develop for the district court at the time of the summary judgment motions") (citation omitted).

### C. Allegations of Complaint Do Not Create Genuine Fact Issues.

In reviewing the record in this case, an obvious question is whether the Court can or should consider the factual allegations of Williams' unverified complaint in counterpoint to Aircraft Workers' Rule 56 evidentiary showing. A long line of authorities answers that question in the negative. *See, e.g., Celotex*, 477 U.S. at 324 (nonmoving party is required "to go beyond the pleadings … [to] designate specific facts showing that there is a genuine issue for trial"); *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997) (non-movant, "to oppose the appellees' properly supported motion for summary judgment, must come forward with specific factual evidence, presenting more than mere allegations").[8] This principle found expression in a previous iteration of Rule 56(e), which specified that when a motion for summary judgment is properly supported, "an opposing party may not rely merely on allegations or denials in its own pleading," but must instead "by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." Rule 56(e)(2), Fed.R.Civ.P. (effective until December 1, 2010).

---

[8] *See also L.S.T., Inc. v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995) (when moving party properly supports Rule 56 motion, "the nonmoving party may not rest upon the mere allegations or denials of its pleadings, but must, through affidavits or as otherwise provided in Fed.R.Civ.P. 56, designate specific facts showing that there is a genuine issue for trial" ) (citation and internal quotation marks omitted); *Irby v. Bittick*, 44 F.3d 949, 953 (11th Cir. 1995) (to rebut Rule 56 movant's showing, "the non-moving party must come forward with significant, probative evidence demonstrating the existence of a triable issue of fact" and "cannot rely solely on its pleadings") (citations and internal quotation marks omitted); *Holloman v. Jacksonville Housing Authority*, 2007 WL 245555, *2 (11th Cir. Jan. 30, 2007) ("unsworn statements, even from *pro se* parties, should not be considered in determining the propriety of summary judgment"); *Mosley v. MeriStar Management Co.*, 2005 WL 1489320, *3 n.3 (11th Cir. June 23, 2005) ("the complaint was unverified and therefore could not be considered evidence supporting [plaintiff]'s claim" on summary judgment); *Burden v. International Longshoremen's Ass'n, Local No. 1410*, 510 F. Supp.2d 618, 628 n.9 (S.D. Ala. Apr. 30, 2007) (an "assertion in the unverified amended complaint … is not evidence for purposes of a motion for summary judgment"); *Sussman v. Rabobank Int'l*, 739 F. Supp.2d 624, 627 (S.D.N.Y. 2010) ("a party opposing summary judgment may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence in support of its factual assertions") (citation and internal quotation marks omitted).

The new, revised version of Rule 56 omits this language. Nonetheless, the Court is of the opinion that the underlying principle (*i.e.*, that a non-movant must go beyond the factual allegations of its pleadings to satisfy its burden of production in response to a properly supported motion for summary judgment) remains intact, for three reasons. First, federal district courts have routinely applied that principle even after the December 1, 2010 iteration of Rule 56 took effect.[9] Second, surely if the drafters of the amended Rule 56 had intended to overturn decades of jurisprudence by invalidating the proposition that a non-movant cannot overcome a properly supported motion for summary judgment by resting on factual allegations in its pleadings, either the new rule or its commentary would have articulated such an intent. No such statements exist. Third, the new version of Rule 56(c)(1)(A) enumerates the types of record materials on which a party may rely to support an assertion that a fact cannot be or is genuinely disputed. The terms "pleadings" and "complaint" do not appear in that list.[10]

---

[9] *See, e.g., McLean v. Broadfoot*, 2011 WL 1833302, *6 (W.D. Va. May 13, 2011) (on summary judgment, "[m]ere allegations, denials, references to the Complaint, or oral argument is insufficient to rebut a movant's Motion which is supported by affidavits") (citations omitted); *Stone v. Lowe's HIW, Inc.*, 2011 WL 1792740, *2 (D. Nev. May 11, 2011) ("the opposition must go beyond the assertions and allegations of the pleadings … by producing competent evidence that shows a genuine issue for trial"); *Harris v. Paige*, 2011 WL 1755646, *3 (E.D. Pa. May 9, 2011) ("[o]nce the moving party has produced evidence in support of summary judgment, the non-moving party must go beyond the allegations set forth in its pleadings"); *Integrated Architecture, LLC v. New Heights Gymnastics, LLC*, 2011 WL 1769006, *2 (N.D. Ohio May 9, 2011) (once movant satisfies initial burden, "the party opposing summary judgment cannot rest on its pleadings"); *Murphy v. Family Christian Stores, Inc.*, 2011 WL 1749966, *2 (N.D. Ind. May 5, 2011) ("the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings"); *Jacobrown v. United States*, --- F. Supp.2d ----, 2011 WL 590360, *4 (D.D.C. Feb. 22, 2011) ("[o]n a motion for summary judgment, … the plaintiff can no longer rest on such mere allegations [from the pleadings], but must set forth by affidavit or other evidence specific facts") (citations and internal quotation marks omitted); *Safeway Inc. v. Abbott Laboratories*, --- F. Supp.2d ----, 2011 WL 133008, *4 (N.D. Cal. Jan. 14, 2011) (where summary judgment motion satisfies movant's burden, the non-moving party must produce "specific evidence, through affidavits or admissible discovery material," to show genuine disputes of material fact) (citation omitted).

[10] In this respect, the new Rule 56 is entirely consistent with judicial constructions of its predecessor. *See, e.g., Celotex*, 477 U.S. at 324 (recognizing that non-movant can oppose a proper summary judgment motion via affidavits, depositions, answers to interrogatories and admissions on file, but not "mere pleadings themselves," and indicating that "it is from this list that one would normally expect the nonmoving party to make the showing to which we have referred").

For all of these reasons, the Court will not consider the bare factual allegations of Williams' Second Amended Complaint as record materials contradicting Aircraft Workers' properly supported motion for summary judgment or giving rise to genuine issues of material fact. Rather, given Williams' failure properly to address Aircraft Workers' assertions of fact as required by Rule 56(c), the Court in its discretion may "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Rule 56(e)(3), Fed.R.Civ.P. On that basis, the undersigned now examines the sufficiency of Aircraft Workers' factual and legal showing that it is entitled to summary judgment.

**III. Analysis.**

   *A.* **McDonnell Douglas** *Framework.*

Defendant's Motion for Summary Judgment is properly evaluated under the time-honored *McDonnell Douglas* standard. Absent direct evidence of discrimination (which Williams has not presented), Aircraft Workers must make a showing of circumstantial evidence that satisfies the test set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under this familiar burden-shifting analysis, plaintiff is required to make out a *prima facie* case of race discrimination.[11] If she does so, that showing "creates a rebuttable presumption that the employer acted illegally." *Underwood v. Perry County Com'n*, 431 F.3d 788, 794 (11th Cir. 2005).

At that point, "the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for the adverse employment action. ... If the employer does this, the burden shifts back to the plaintiff to show that the employer's stated reason was a pretext for discrimination." *Crawford v. Carroll*, 529 F.3d 961, 976 (11th Cir. 2008) (citations and internal quotation marks omitted). A plaintiff may establish pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Brooks v. County Com'n of Jefferson County, Ala.*, 446 F.3d 1160, 1163 (11th Cir. 2006) (quotation omitted). Either way,

---

   [11] Williams' burden of establishing a *prima facie* case is not heavy. *See Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001) ("the *prima facie* requirement is not an onerous one").

"[i]f the proffered reason is one that might motivate a reasonable employer, a plaintiff cannot recast the reason but must meet it head on and rebut it. ... Quarreling with that reason is not sufficient." *Wilson*, 376 F.3d at 1088; *see also Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1278 (11th Cir. 2008) ("It is the plaintiff's burden not merely to raise a suspicion regarding an improper motive, but rather to demonstrate there is a genuine issue of material fact that the employer's proffered reason … was pretextual."). "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Springer v. Convergys Customer Management Group Inc.*, 509 F.3d 1344, 1347 (11th Cir. 2007). Thus, "[i]f the plaintiff does not proffer sufficient evidence to create a genuine issue of material fact regarding whether each of the defendant employer's articulated reasons is pretextual, the employer is entitled to summary judgment." *Chapman v. AI Transport*, 229 F.3d 1012, 1024-25 (11th Cir. 2000) (*en banc*).

### B. *Plaintiff Has Not Made a* **Prima Facie** *Showing of Race Discrimination.*

Williams' sole claim is that Aircraft Workers terminated her employment because she is African-American, in violation of Title VII.

To establish a *prima facie* case of disparate treatment under Title VII, a plaintiff must show that "(1) she belongs to a protected class; (2) she was qualified to do the job; (3) she was subjected to adverse employment action; and (4) her employer treated similarly situated employees outside her class more favorably." *Crawford*, 529 F.3d at 970; *see also McCann v. Tillman*, 526 F.3d 1370, 1373 (11th Cir. 2008) (similar).

Defendant challenges Williams' ability to satisfy the fourth element. Importantly, "[a] plaintiff does not shift the burden to the defendant under *McDonnell Douglas* merely by stating that he was fired or treated unfavorably. *McDonnell Douglas* requires the plaintiff to establish a *prima facie* case which includes identifying an individual who replaced him or was treated better than he was who was not a member of his protected class." *Morris v. Emory Clinic, Inc.*, 402 F.3d 1076, 1082 (11th Cir. 2005). The applicable standard for this element is as follows: "Where the racial discrimination is alleged in the application of work rules to discipline an employee, and where there is no claim that the employee did not violate the work rules, as here, then plaintiff must show that he engaged in misconduct similar to that of a person outside the protected class, and ... the disciplinary measures enforced against him were more severe than those enforced against the other persons who engaged in similar misconduct." *Rioux*, 520 F.3d at 1276 (internal

quotes omitted).[12] To satisfy this "similarly situated" threshold, "[t]he quantity and quality of the comparator's misconduct [must] be nearly identical" to that of the plaintiff. *Id.* at 1280 (internal quotes omitted); *see also Brown v. Alabama Dep't of Transp.*, 597 F.3d 1160, 1174 (11th Cir. 2010) (to satisfy *prima facie* case, "[t]he comparators for the fourth prong must be similarly situated in all relevant respects") (citation omitted).[13]

On this record, Williams has failed to make any showing that Aircraft Workers treated similarly situated white employees more favorably than it treated her. Indeed, Aircraft Workers' unrebutted evidence is that it fired Williams for poor performance, including various work rule infractions such as farming out her own job duties to a third-party vendor without defendant's authorization, writing a company check to pay that vendor without defendant's authorization, and failing to comply with FAA reporting requirements concerning drug and alcohol testing. There is not a scintilla of evidence in the record that any white employees engaged in misconduct similar to Williams', much less that Aircraft Workers imposed more stringent disciplinary measures against her than against any such similarly situated white employees. Inasmuch as defendant has demonstrated a total failure of proof by plaintiff as to the similarly-situated comparator element of her *prima facie* case, the Court finds that Williams has failed to establish

---

[12] *See also McCann*, 526 F.3d at 1373 (proper inquiry in determining whether other comparators are similarly situated to plaintiff is "whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways") (citations omitted); *Silvera v. Orange County School Bd.*, 244 F.3d 1253, 1259 (11th Cir. 2001) ("The most important factors in the disciplinary context … are the nature of the offenses committed and the nature of the punishments imposed."); *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1185 (11th Cir. 1984) ("We have consistently held that a plaintiff fired for misconduct makes out a *prima facie* case of discriminatory discharge if he shows that … the misconduct for which he was discharged was nearly identical to that engaged in by an employee outside the protected class whom the employer retained") (citations and internal punctuation omitted).

[13] As to the "similarly situated" element, it is not sufficient for a plaintiff simply to dispute whether she committed the alleged rule violations; rather, she must also identify a similarly situated comparator outside the protected class who received more favorable treatment. *See, e.g., Miller-Goodwin v. City of Panama City Beach, Fla.*, 2010 WL 2689589, *4 n.2 (11th Cir. July 8, 2010) ("regardless of whether [plaintiff] had committed the alleged rule violations, she is still required to show that a similarly situated male who had committed the same rule violations received more favorable treatment than [she]").

a *prima facie* case of racially discriminatory discharge. Accordingly, defendant is entitled to summary judgment on this Title VII cause of action.

### C. *Plaintiff Has Submitted No Evidence of Pretext.*

Even if Williams had made out a *prima facie* case of race discrimination (which she has not), defendant's Motion for Summary Judgment would be properly granted. Aircraft Workers has met its modest burden of production by coming forward with legitimate nondiscriminatory reasons (namely, lack of performance, misappropriation of funds, violation of company policy, and poor attendance) for its decision to terminate her employment. *See generally Page v. Winn-Dixie Montgomery, Inc.*, 702 F. Supp.2d 1334, 1349 (S.D. Ala. 2010) (employer's intermediate burden to offer legitimate, nondiscriminatory reasons for the employment action is "exceedingly light"). Defendant having come forward with legitimate nondiscriminatory reasons for the challenged personnel action, it is incumbent on Williams to show that these stated reasons are a pretext for race discrimination. *See Brown*, 597 F.3d at 1174 (once employer articulates reason, "the presumption of discrimination is rebutted, and the burden of production shifts to the plaintiff to offer evidence that the alleged reason ... is a pretext for illegal discrimination") (citation omitted). To demonstrate pretext, the plaintiff's evidence "must reveal such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *Vessels v. Atlanta Independent School System*, 408 F.3d 763, 771 (11th Cir. 2005) (quotation omitted).[14]

Plaintiff advances no arguments and presents no facts tending to cast doubt on Aircraft Workers' stated justification for terminating her employment. To the contrary, the record supports defendant's articulated reasons by demonstrating that she did hire an outside agency to perform background checks that were her job to perform, that she lacked authorization to hire that agency, that she paid that agency using a company check without authorization, that the

---

[14] *See also Rioux*, 520 F.3d at 1278 ("The plaintiff must demonstrate weaknesses or implausibilities in the employer's proffered legitimate reasons for its action sufficient for a reasonable factfinder to disbelieve the reasons."); *Jackson v. State of Alabama State Tenure Comm'n*, 405 F.3d 1276, 1289 (11th Cir. 2005) (to demonstrate pretext, a plaintiff must show that the employer's offered reason was not the true reason for its decision, "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence").

check subsequently bounced (causing the company aggravation and humiliation), and that she failed to submit required regulatory reports in a timely manner, resulting in the FAA launching an investigation against Aircraft Workers. Based on this unrebutted evidence, plaintiff has not shown, and there is no reason to believe, that Aircraft Workers did not honestly believe her to have violated company policies and engaged in such misconduct, or that it fired her for reasons other than those stated, much less for racially discriminatory reasons. *See generally Chapman*, 229 F.3d at 1030 (reiterating principle that federal courts "do not sit as a super-personnel department that reexamines an entity's business decisions," but that "our inquiry is limited to whether the employer gave an honest explanation of its behavior") (citations omitted); *Holifield v. Reno*, 115 F.3d 1555, 1565 (11th Cir. 1997) ("The inquiry into pretext centers upon the employer's beliefs, and not the employee's own perceptions of his performance," such that if the employer produces documentary evidence demonstrating poor performance, "an employee's assertions of his own good performance are insufficient to defeat summary judgment, in the absence of other evidence."). In short, Williams has not met her burden of showing pretext.

**IV.　Conclusion.**

As shown by the foregoing discussion, plaintiff has failed to establish a *prima facie* case of unlawful race discrimination, or to demonstrate facts from which a reasonable factfinder could conclude that Aircraft Workers' stated legitimate reasons for terminating her employment were a pretext for racial animus. Accordingly, defendant's Motion for Summary Judgment (doc. 39) is **granted**, and this action is **dismissed with prejudice.** A separate judgment will enter.

DONE and ORDERED this 24th day of May, 2011.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE